# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| ERIC C. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 11-3122-CV-S-RED |
| | ) |
| JUAN CASTILLO,[1] Warden, | ) |
| United States Medical Center, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it must be recommended that the petition for habeas corpus relief be dismissed without prejudice.

After a Show Cause Order and Response, petitioner filed what the Court construed as a *pro se* traverse. He alleges that he is being denied dialysis treatment, and that staff at the Medical Center are illegally handcuffing him during dialysis treatment, which causes him severe pain and irreparable damage. The Court thereafter entered an order directing respondent to address in writing within 20 days petitioner's allegations regarding the issue of his current dialysis treatment. A Report to the Court was filed on August 16, 2011.

In its report, respondent alleges that petitioner has failed to exhaust administrative remedies

---

[1] The name of the current warden at the Medical Center, Juan Castillo, has been substituted for that of the former warden, Marty C. Anderson.

regarding the alleged denial of dialysis treatment, and therefore is not entitled to habeas corpus relief. Respondent has submitted medical records that indicate that petitioner has undergone dialysis treatment in accordance with his Monday, Wednesday, and Friday dialysis schedule from June 1, 2011-August 1, 2011. Additionally, it is represented that he refused treatment on June 6 and 13, 2011. A review of the medical records submitted with respondent's Report to the Court establishes that petitioner has not been denied dialysis treatment. Therefore, he has failed to state a constitutional violation on that issue.

On the issue of being illegally handcuffed during dialysis treatment, respondent states that petitioner is considered to have exhausted administrative remedies on the issue of being illegally handcuffed during dialysis treatment. Respondent submits that petitioner is handcuffed, pursuant to BOP policy, only when he is taken from disciplinary segregation to dialysis treatment. This is done, according to policy, because any time inmates are housed in the Special Housing Unit, and are transferred to an area that allows direct contact with staff, they are required to be restrained in handcuffs. On the dialysis unit specifically, staff must check on a dialysis patient every hour and may have more frequent contact. Petitioner was restrained during dialysis for security reasons from June 4-July 11, 2011 because of disciplinary sanctions. He was in disciplinary segregation for repeated violations of rules against disruptive conduct. He was therefore sanctioned to 21 days in disciplinary segregation and when he underwent dialysis, he was restrained. When he was returned to an open unit, he was not restrained. He was again placed in a Special Housing Unit for violation of BOP rules on August 3, and was housed in that unit at the time the Report to the Court was filed.

After careful review, the Court finds that the use of restraints in cases of heightened security risk for staff is reasonably related to legitimate penological goals, pursuant to Turner v. Safley, 482

U.S. 78, 81 (1987). In petitioner's case, it is clear that he has been legally restrained during those times that he has been held in disciplinary segregation and has undergone dialysis treatment. Otherwise, he has not been restrained during dialysis treatment. Therefore, it cannot be said that he has demonstrated a constitutional violation regarding the use of restraints.

Respondent has also addressed petitioner's claim that the restraints are causing severe pain and irreparable damage to his wrists. Petitioner was evaluated by his primary care physician, and referred for an orthopedic consultation to evaluate his wrist complaints. X-rays were taken, which revealed only mild degenerative changes. The staff orthopedic surgeon provisionally diagnosed him with carpel tunnel syndrome, and he was provided braces to be worn at night for this condition. Nerve conduction studies are pending. According to the staff orthopedic surgeon, there was no indication that the restraints were being applied too tightly or were causing his pain and numbness in his wrists. Respondent states the petitioner is also attending physical therapy. Further, his primary care physician ordered that the restraints be placed in the front due to his complaints of pain and numbness. It is respondent's position, therefore, that there is no medical indication that restraints should not be used on petitioner, even during dialysis.

After having fully reviewed the record in this case, the Court finds that petitioner has failed to establish a constitutional violation due to a deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, reh'g denied, 429 U.S. 1966 (1976); Farmer v. Brennan, 511 U.S. 825 (1994). The record indicates that petitioner is receiving dialysis treatment on schedule; it is also clear that his concerns regarding his wrists have been fully addressed. While petitioner may disagree with the manner in which he is receiving dialysis treatment during times when he is in disciplinary segregation, he has failed to establish a constitutional violation under the Eighth

Amendment.

Based on the foregoing, it must be recommended that petitioner's request for habeas corpus relief be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[2]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

    /s/ James C. England  
JAMES C. ENGLAND  
United States Magistrate

Date: 9/30/11

---

[2] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.